BEFORE THE THIRD DIVISION

FEBRUARY 18, 1957

**No. 60512.**—J. W. Hampton, Jr., & Co., Inc. *v.* United States, protest 247103–K–

DONLON, Judge:   The plaintiff's motion, filed with the court December 18, 1956, purports to be for an order granting rehearing in the above protest and, on such rehearing, requests that the submission be set aside and a new trial granted. Judgment adverse to plaintiff's protest claim, overruling the protest, was entered November 21, 1956.

In support of plaintiff's motion, George W. Israel, Esq., trial counsel associated with plaintiff's attorney of record, has filed his affidavit.   There is notation on the filed original that copy of the motion and affidavit were received December 18, 1956, by the Assistant Attorney General, Civil Division, Customs Section, counsel for defendant.   Although permitted by rule to file and serve objections within 15 days after service of such copy, defendant has not filed objections.

Plaintiff's motion, in form, is for rehearing of the protest claim.   As the affidavit makes clear, the motion actually is for leave to reopen the case and set aside the judgment, so that plaintiff may amend its pleadings in order to present for adjudication an issue that was not claimed in the protest that was before the court at the time of adjudication.

This would not be rehearing.   The scope of rehearing and its purpose are limited.   Rehearing is not what plaintiff seeks, but something else under the guise of a rehearing.

We do not pass on the issue as to whether or not this court has the power to set aside a judgment and reopen a case, for the sole purpose of permitting plaintiff to amend its protest in order to make a new claim.   That issue is now before our appeals court in the appeal from *Shell Oil Co., Inc., et al.* v. *United States,* 36 Cust. Ct. 413, Abstract 59875.[1]   It suffices to hold, as we do, that such broad equity powers should be exercised only when the interest of justice so requires.   Plaintiff's counsel concedes that entry of these goods was not consummated until after the date on which the preferences, under the treaty with Czechoslovakia, had been terminated.   This is not such a showing as moves us to invoke the remedy in equity which plaintiff's motion seeks.

Motion for rehearing is denied.

FEBRUARY 19, 1957

**No. 60513.**—Star-Kist Foods, Inc. *v.* United States (Bruno Scheidt, Inc., Party in Interest), protest 258737–K.–

—C. D. 1819.   Plaintiff's application for rehearing denied. MOLLISON, J., dissented.

<hr>

[1] Abstract 59875 was affirmed on February 8, 1957 (*United States* v. *Shell Oil Co., Inc., et al.*, 44 C. C. P. A. 54, C. A. D. 637).